UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| CLAN BELL-CLAN BELL NORTH AMERICA, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CLAN BELL SOCIETY, INC., *et ano.*,<br><br>    Defendants. | Case No. 3:23-cv-4233-TKW-ZCB |

### DEFENDANT CLAN BELL SOCIETY'S *UNOPPOSED* MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Pursuant to Rule 6(b) and Local Rule 6.1, Defendant Clan Bell Society, Inc. respectfully requests a thirty-day extension of time to respond to Plaintiff's Complaint. (Doc. 1). As grounds, Clan Bell Society states:

1. This is an action related to purported common-law trademarks and claims of conversion against Defendants Clan Bell Society, Inc. and Michael A. Bell.

2. Defendant Clan Bell Society, Inc. was served on or about March 31, 2023, making its deadline to respond to the Complaint on April 21, 2023.

3. Defendant Michael A. Bell has not been served.

4. The undersigned counsel were retained today and require time to get up to speed on the case.

5. Defendant Clan Bell Society respectfully requests thirty days, through May 21, 2023, to respond to the Complaint. Although Plaintiff has not served Defendant Michael A. Bell, he has agreed to respond to the Complaint on or before May 21, 2023.

6. Plaintiff does not oppose this request.

### Memorandum of Law[1]

Rule 6(b) governs extensions of time in which to file motions and responsive documents. Under Rule 6(b)(1)(A), when an act is required or allowed to be done within a specified time period, a court "may, for good cause, extend the time" before the original time to file or respond expires. Fed. R. Civ P. 6(b)(1)(A). The Eleventh Circuit has held that to establish good cause under Rule 6(b), "the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Davis v. Post Univ., Inc.*, 497 F. Supp. 3d 1252, 1268 (S.D. Fla. 2019) (citing *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013)).

---

[1] Although Local Rule 7.1(G) does not require supporting memoranda of law for unopposed motions, Defendant provides brief argument supporting its position.

Here, undersigned counsel were retained today to represent Defendants. A brief extension in responding to the Complaint will not prejudice Plaintiff, who does not oppose this motion. The extension would afford Defendants and their counsel necessary time to analyze Plaintiff's claims and prepare Defendants' responses to the Complaint.

## Conclusion

For these reasons, Defendant Clan Bell Society, Inc. respectfully requests that the Court grant this motion and permit an additional thirty days, through May 21, 2023, for it to respond to Plaintiff's Complaint. (Doc. 1). Should the Court grant this motion, both Defendants will respond to the Complaint on or before May 21st.

Dated: April 20, 2023.

          Respectfully submitted,

          SLATER LEGAL PLLC

          */s/ James M. Slater*
          James M. Slater (FBN 111779)
          113 S. Monroe Street
          Tallahassee, Florida 32301
          james@slater.legal
          Tel. (305) 523-9023

               -and-

DOSTER LAW PLLC

*/s/ H. Jared Doster*
H. Jared Doster (FBN 1024069)
97 W. Oak Avenue, Suite 300
Panama City, Florida 32401
jared@doster.law
Tel. (850) 319-4248

*Counsel for Defendants*

### Certificate of Service

I hereby certify that on April 20, 2023, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

By: */s/ James M. Slater*
James M. Slater

### Certificate of Good Faith Conference

I hereby certify pursuant to Local Rule 7.1(B) that I have conferred in good faith with opposing counsel. Plaintiff does not oppose the relief requested herein.

By: */s/ James M. Slater*
James M. Slater

## Certificate of Compliance

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 500 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater