UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLAN BELL-CLAN BELL NORTH AMERICA, INC.,

    Plaintiff,

v.

CLAN BELL SOCIETY, INC., and MICHAEL A. BELL,

    Defendants.

Case No. 3:23-cv-4233-TKW-ZCB

## JOINT REPORT OF THE PARTIES' RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Initial Scheduling Order (Doc. 12 at § 3), the parties submit the following information.

1. **Conference.** Pursuant to Fed. R. Civ. P. 26(f), the parties, through counsel identified below, conferred by telephone on May 25, 2023:

    John Zoesch, Counsel for Plaintiff

    James Slater, Counsel for Defendants

    Henry Jared Doster, Counsel for Defendants

2. **Discovery Plan (Doc. 12 at § (1)(b)).** The parties propose **November 22, 2023** as the deadline for completing discovery. The parties request this extension to the Court's proposed discovery deadline because of the nature of the issues

involved in this case as well as counsel's respective schedules in the upcoming months.

3. **Disclosure Statements (Doc. 12 at § (2)(a)).** The parties propose **June 30, 2023** as the deadline for their initial disclosures.

4. **Magistrate Jurisdiction (Doc. 12 at § (3)(a)(i)).** The parties conferred regarding Magistrate jurisdiction in this case.

5. **Nature and Basis of all Claims and Defenses (Doc. 12 at § (3)(a)(ii)).**

   a. Plaintiff claims that Defendants are liable for unfair competition under federal and Florida laws for their infringing use of Plaintiff's marks "CLAN BELL" and "CLAN BELL NORTH AMERICA," as well as for violation of the Anti-Cybersquatting Protection Act ("ACPA") through their registration and use of a domain name which incorporates and is confusingly similar to Plaintiff's marks. Further, Plaintiff claims that Defendants converted its Facebook group page.

   b. All Defendants deny all of Plaintiff's claims and will defend against all allegations. Defendants argue that Plaintiff's alleged marks do not constitute valid marks. Further, in the event that the marks are found to be valid, Plaintiff argues that such marks are not enforceable and Plaintiff may not have standing to assert the marks. Further, Defendants argue that Plaintiff had no ownership interest in the

Facebook group it claims was converted.

c. The principle legal issues in dispute with respect to the causes of action involving Plaintiff's asserted marks are whether the alleged marks constitute valid and enforceable marks to which Plaintiff has any right, title, or interest, and whether Defendants' conduct infringes those marks, constitutes unfair competition under federal and/or Florida law, or violates the ACPA.

d. The principal factual issues with respect to Plaintiff's cause of action for conversion are whether Plaintiff had any exclusive or other ownership interest in the Facebook group page, and whether Defendants' conduct constitutes the conversion of that page.

6. **Prospects for Settlement (Doc. 12 at § (3)(a)(iii)).** Settlement at this time is unlikely, but the Parties believe that mediation may be helpful if scheduled for immediately after the close of discovery and well before the filing of dispositive motions.

7. **Other Items (Doc. 12 at § (3)(a)(iv)).**

a. Joinder of Parties and Amendment of Pleadings. The Parties propose **August 25, 2023** as the deadline for joinder of parties and amendment of pleadings. (Doc. 12 at § (5)(a)).

b. <u>Filing of Motions and Responses</u>. The Parties recommend no rules beyond what is already stated in the Federal Rules of Civil Procedure and the Local Rules of this Judicial District.

8. **Discovery Requirements (Doc. 12 at § (3)(a)(v)).** The parties propose the following requirements:

   a. <u>Scope</u>. Discovery will be needed by each party on the following subjects: all matters covered in sections 3(a), 3(b), 3(c), and 3(d) above.

   b. <u>Discovery Requests</u>. Interrogatories, requests for admission, and requests for production, as well as the supplementation of responses to discovery requests are governed by the applicable Federal Rules of Civil Procedure and the Local Rules of this Court. There is no need to conduct discovery in phases or limit discovery to particular issues.

   c. <u>Depositions</u>. The maximum number and length of depositions are governed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

9. **Electronic Discovery (Doc. 12 at § (3)(a)(vi)).** The Parties anticipate requesting electronic discovery. Consequently, the Parties stipulate to the following discovery rules regarding electronic discovery.

   a. <u>Scope (Doc. 12 at § (3)(a)(vi)(1))</u>. All requests for electronic discovery will be limited to data reasonably available to the Parties in the ordinary

course of business. Absent a showing of good cause, the Court will not require the production of back-up or historic legacy data, nor will it require the production of data that is not reasonably available in the ordinary course of business in reasonably usable form.

b. <u>Format (Doc. 12 at § (3)(a)(vi)(3))</u>. All electronic documents and file will be produced in PDF format if possible. If it is not practicable to produce a document in PDF (such as extensive spreadsheets, or native files that are not amenable to bring placed in PDF format), then the document will be produced in its native format.

c. <u>Preservation (Doc. 12 at § (3)(a)(vi)(4))</u>. The Parties have been notified to preserve all potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

d. <u>Inadvertent Production (Doc. 12 at § (3)(a)(vi)(5))</u>. If privileged information that is inadvertently produced, the party producing the information must notify in writing the opposing party of such inadvertent production and request, in writing, that the produced document be destroyed.

e. <u>Consent to Electronic Service</u>. The Parties consent to service of all documents via electronic means with time to be calculated as if service had been via hand-delivery on the same date with no days added

provided that service is made to the email addresses of record on the ECF at the time of service, or as otherwise designated by either side in writing during the course of the proceedings.

10. **Trial Estimate (Doc. 12 at § (3)(a)(vii)).** The parties anticipate that this case will be ready for trial in February 2024 and believe that it will take approximately 2-3 days to try this case by jury trial.

11. **Manual for Complex Litigation (Doc. 12 at § (3)(a)(ix)).** The parties do not believe this case should be subject to the Manual for Complex Litigation.

12. **Expert Disclosures (Doc. 12 at § (3)(c)).** Disclosure of identity of and reports from Plaintiff's retained experts under Rule 26(a)(2) shall be due September 22, 2023. Disclosure of identity of and reports from Defendants' retained experts under Rule 26(a)(2) shall be due October 20, 2023. Disclosure and identify of any rebuttal experts and/or rebuttal reports from Plaintiff shall be due November 10, 2023.

Dated: June 7, 2023

Respectfully submitted,

| | |
|---|---|
| */s/ John R. Zoesch III* <br> John R. Zoesch III <br> jrz@beggslane.com <br> Stephen Douglas Wilson <br> sdw@beggslane.com <br> **BEGGS & LANE RLLP** <br> 501 Commendencia Street <br> Pensacola, FL 32502 <br><br> *Attorneys for Plaintiff* | */s/ James M. Slater* <br> James M. Slater <br> Florida Bar No. 111779 <br> james@slater.legal <br> **SLATER LEGAL PLLC** <br> 113 S. Monroe Street <br> Tallahassee, FL 32301 <br> Telephone: (305) 523-9023 <br><br> -and- <br><br> H. Jared Doster <br> Florida Bar No.1,024,069 <br> jared@doster.law <br> support@doster.law <br> **DOSTER LAW PLLC** <br> 97 West Oak Avenue, Suite 300 <br> Panama City, FL 32401 <br> Telephone: (850) 319-4248 <br><br> *Attorneys for Defendants* |