UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLAN BELL-CLAN BELL NORTH AMERICA, INC.,

    Plaintiff,

v.

CLAN BELL SOCIETY, INC., *et ano.*,

    Defendants.

Case No. 3:23-cv-4233-TKW-ZCB

**JURY TRIAL DEMANDED**

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants CLAN BELL SOCIETY, INC. ("CBS") and MICHAEL A. BELL ("Bell") (collectively, "Defendants"), through undersigned counsel, hereby file their Answer to the Complaint (Doc. 1) of Plaintiff CLAN BELL-CLAN BELL NORTH AMERICA, INC. ("Plaintiff"), and in support thereof allege as follows:

**PARTIES AND JURISDICTION**

1.    Defendants admit that this purports to be such an action, and that Plaintiff seeks such relief, but deny that Plaintiff is entitled to any relief; otherwise, denied.

2.    Defendants are without sufficient knowledge; therefore, denied.

3.    Admitted that CBS is a Florida not-for-profit, but denied that it is located in Crestview, Florida.

4. Admitted that Bell is an individual residing in Florida, but denied that his address is 3925 Bear Creek Road, Crestview, Florida.

5. Defendants admit that Plaintiff purports to invoke the jurisdiction of this Court; otherwise, denied.

6. Defendants admit that Plaintiff purports to invoke the jurisdiction of this Court; otherwise, denied.

7. Defendants admit that Plaintiff purports to invoke the jurisdiction of this Court; otherwise, denied.

## FACTUAL BACKGROUND

### Plaintiff Clan Bell and its Purported Marks and Services

8. Defendants are without sufficient knowledge; therefore, denied.

9. Denied.

10. Defendants are without sufficient knowledge; therefore, denied.

11. Defendants are without sufficient knowledge; therefore, denied.

12. Defendants are without sufficient knowledge; therefore, denied.

13. Defendants are without sufficient knowledge; therefore, denied.

14. Defendants are without sufficient knowledge; therefore, denied.

15. Defendants are without sufficient knowledge; therefore, denied.

16. Defendants are without sufficient knowledge; therefore, denied.

17. Defendants are without sufficient knowledge; therefore, denied.

18. Defendants admit the existence of the Facebook group page and that the group page existed and exists for the public to communicate regarding their kinship group Clan Bell (not Plaintiff's organization specifically); otherwise, denied.

19. Defendants are without sufficient knowledge; therefore, denied.

20. Defendants are without sufficient knowledge; therefore, denied.

21. Denied.

22. Defendants admit that records of the United States Patent & Trademark office speak for themselves; otherwise, denied.

23. Defendants are without sufficient knowledge; therefore, denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

**Defendant's Alleged Unauthorized and Wrongful Conduct**

28. Admitted in the first sentence of paragraph 28 that Bell and David E. Bell were purportedly removed from Plaintiff as members. Admitted in the second sentence of paragraph 28 that David E. Bell served as president of Plaintiff from approximately 2013 or 2014 through 2018. Defendants are without sufficient knowledge as to the allegations in the second sentence of paragraph 28 as to David E. Bell's position at Clan Bell International, Ltd. Otherwise, denied.

29. Admitted that CBS was formed by Bell and David E. Bell. Denied that they were the only persons who "formed" CBS and that CBS was incorporated in 2020; otherwise, denied.

30. Admit.

31. Admitted that "clannbellsociety.org" was registered on or about December 1, 2019. Admitted that CBS operates a website using that domain name related to its goods and services and displaying the kinship name "Clan Bell" in relation to its goods and services. Otherwise, denied.

32. Defendants admit that CBS participates in events; otherwise, denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT I

## Violation of Anti-Cybersquatting Protection Act, 15 U.S.C. §1125(d)

41. Defendants admit that this purports to be such an action, and that Plaintiff seeks such relief, but deny that Plaintiff is entitled to any relief; otherwise, denied.

42. Defendants adopt the responses in Paragraphs 1 through 40 above as though fully set forth herein.

43. Defendants admit that CBS has registered and uses the domain name "clanbellsociety.org"; otherwise, denied.

44. Denied.

45. Denied.

46. Denied.

47. Admitted that "clannbellsociety.org" was registered on or about December 1, 2019. Admitted that CBS operates a website using that domain name related to its goods and services and displaying the kinship name "Clan Bell" in relation to its goods and services. Denied that Plaintiff has any rights in the mark CLAN BELL as it pertains to the above domain name. Otherwise, denied.

48. Denied.

49. Denied.

## COUNT II

### Unfair Competition in Violation of 15 U.S.C. §1125(a)

50. Defendants admit that this purports to be such an action, and that Plaintiff seeks such relief, but deny that Plaintiff is entitled to any relief; otherwise, denied.

51. Defendants adopt the responses in Paragraphs 1 through 40 above as though fully set forth herein.

52. Denied.

53. Denied.

54. Denied.

55. Defendants admit that they use their kinship group name "Clan Bell" and the name "Clan Bell Society" in connection with their organizational services as well as Bell's personal life and endeavors as a member of the kinship group Clan Bell; otherwise, denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT III

### Unfair Competition Under Florida Law

64. Defendants admit that this purports to be such an action, and that Plaintiff seeks such relief, but deny that Plaintiff is entitled to any relief; otherwise, denied.

65. Plaintiff adopts the responses in Paragraphs 1 through 40 above as though fully set forth herein.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT IV

### Conversion

72. Defendants admit that this purports to be such an action, and that Plaintiff seeks such relief, but deny that Plaintiff is entitled to any relief; otherwise, denied.

73. Defendants adopt the responses in Paragraphs 1 through 40 above as though fully set forth herein.

74. Denied.

75. Defendants admit that Bell had and has administrative rights to the Facebook group page; otherwise, denied.

76. Denied.

77. Admitted that "clannbellsociety.org" was registered on or about December 1, 2019. Admitted that CBS operates a website using that domain name related to its goods and services and displaying the kinship name "Clan Bell" in relation to its goods and services. Denied that Plaintiff has any rights in the mark CLAN BELL as it pertains to the above domain name. Otherwise, denied.

78. Denied.

79. Denied.

80. Denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief set forth in its Prayer for Relief and prays that the Court deny all relief set forth therein.

WHEREFORE, Defendants demand entry of judgment providing that Plaintiff take nothing by virtue of their action and that the Court award Defendants

all costs, legal fees, and other expenses incurred in this proceeding, together with such other and further favorable relief to which Defendants may be entitled.

## ALLEGATIONS NOT SPECIFICALLY ADMITTED

Defendants state that all allegations not specifically admitted herein in this Answer are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

*Defendants believe that the only marks asserted by Plaintiff against them are the unregistered trademarks CLAN BELL and CLAN BELL NORTH AMERICA and the unregistered service marks CLAN BELL and CLAN BELL NORTH AMERICA (hereinafter, the "Asserted Marks"). Defendants reserve the right to raise additional defenses should Plaintiff assert additional marks beyond those explained above.*

**First Defense — descriptive (classic) fair use:** Plaintiff's claims are barred against Defendants under the Asserted Marks, in whole or in part, because the Asserted Marks are descriptive marks that describe the products and services that CBS offers. For example, CBS offers for sale products that bear the surname "Bell" or the clan name "Clan Bell," and offers for sale services related to the surname "Bell" or the clan name "Clan Bell," the attributes of which the Asserted Marks describe. Therefore, Defendant's use of the Asserted Marks do not serve as a source identifier.

**Second Defense — nominative fair use:** Plaintiff's claims against Defendants under the Asserted Marks are barred, in whole or in part, because the goods and services offered by CBS are not readily identifiable without the use of the

Asserted Marks, and CBS uses only so much of the asserted marks as is reasonably necessary to identify CBS's goods and services.

**Third Defense — equitable doctrines:** Plaintiff's claims against Defendants under the Asserted Marks, and Plaintiff's claim for conversion of the Facebook group page, are barred, in whole or in part, by the equitable doctrines of estoppel, laches, and unclean hands, due at least in part, among other things, to the coexistence of Plaintiff and CBS prior to the filing of the Complaint, Plaintiff's delay in asserting its purported rights and claims without excuse, unduly prejudicing Defendants. Further, Plaintiff's causes of action are barred by reasons of abuse of legal process, trademark misuse, and other inequitable conduct that seeks to curtail Defendants' lawful conduct, including the right to lawfully exist in the marketplace.

**Fourth Defense — standing:** Plaintiff's claims against both Defendants under the Asserted Marks are barred, in whole or in part, because Plaintiff lacks standing to assert the claims in the Complaint.

**Fifth Defense — consent and acquiescence:** Plaintiff's claims are barred, in whole or part, by its consent and acquiescence to Defendants' use of the Asserted Marks and/or Facebook group page.

**Sixth Defense — good faith:** Plaintiff's claims are barred, in whole or part, by Defendants' good faith use of their kinship group name to promote their services related to their kinship group.

**Seventh Defense — failure to mitigate:** Plaintiff's claims against Defendants are barred, in whole or part, by Plaintiff's failure to mitigate its damages.

**Eighth Defense — no damages:** Plaintiff's claims are barred, in whole or part, by the lack of any damages or injuries proximately or otherwise attributable to Plaintiff's claims alleged against Defendants. Further, Plaintiff's alleged damages, if any, are too speculative and uncertain to sustain its claims.

**Ninth Defense — statute of limitations:** Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

**Tenth Defense — interest of Defendants:** Plaintiff's conversion claim is barred, in whole or part, on the grounds that at all times material Defendants maintained rights and ownership over the Facebook group page.

**Eleventh Defense — abandonment:** Plaintiff's conversion claim is barred, in whole or part, on the grounds that, to the extent Plaintiff possessed any ownership interest in the Facebook group page, which Defendants expressly deny, Plaintiff voluntarily relinquished any such ownership.

**Twelfth Defense — non-infringement:** Defendants have not infringed any applicable trademarks purportedly owned by Plaintiff, if any, or engaged in any acts of unfair competition under federal, state, or common law or cybersquatting related to Plaintiff's Asserted Marks. Plaintiff is well aware that the words CLAN BELL are commonly used in connection with identification of the Clan Bell kinship group.

Plaintiff is also well aware that Plaintiff's Asserted Marks are able to coexist with CBS in the marketplace and that the consuming public perceives the Asserted Marks as primarily merely a surname. Plaintiff's principal is a member of the Clan Bell kinship group, is named "Bell," and uses the Asserted Marks for a membership group of other "Bells." The Asserted Marks do not have any recognized meaning other than as a surname and the manner in which the Asserted Marks are displayed does not negate any surname significance. Accordingly, Plaintiff's alleged marks are weak, descriptive, diluted, and function primarily as a surname and accordingly are entitled only to a narrow scope of protection, if any. Consumers are capable of and have become accustomed to distinguishing between Plaintiff and CBS, mitigating or eliminating any likelihood of confusion. Plaintiff lacks exclusive rights sufficient to bar Defendants from adopting or using the name Clan Bell Society.

**Thirteenth Defense — no injunctive relief:** Plaintiff's Complaint fails to state claims or conduct sufficient to entitle Plaintiff to any form of injunctive relief requested. Without limiting the foregoing, Plaintiff's claims for injunctive relief are insufficient, lacking, and/or barred because Plaintiff cannot show that it has or will suffer any harm, let alone irreparable harm, arising from Defendants' actions.

## DEMAND FOR JURY TRIAL

Under Rule 38, Defendants hereby demand a trial by jury for all matters so triable as of right.

Dated: June 29, 2023.

                                Respectfully submitted,

/s/ *H. Jared Doster*
H. Jared Doster (FBN 1024069)
DOSTER LAW PLLC
97 West Oak Avenue, Suite 300
Panama City, FL 32401
Telephone: (850) 319-4248
jared@doster.law

       -and-

/s/ *James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel. (305) 523-9023
james@slater.legal

*Counsel for Defendants*