UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CLAN BELL-CLAN BELL**
**NORTH AMERICA, INC.,**
a North Carolina corporation,

    **Plaintiff,**

                                        Case No.: 3:23-cv-04233-TKW-ZCB

v.

**CLAN BELL SOCIETY, INC.,**
a Florida corporation, and
**MICHAEL A. BELL,**

    **Defendants.**
_____/

## **PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**

Plaintiff, Clan Bell-Clan Bell North America, Inc. ("CBNA"), pursuant to Fed. R. Civ. P. 26(a)(1), serves its Initial Disclosures upon Defendants, Clan Bell Society, Inc. ("CBS") and Michael A. Bell:

**I.     RULE 26(a)(1)(A)(i) DISCLOSURE:**

The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

**Response:**

1.     Joseph L. Bell
       c/o John R. Zoesch III
       Beggs & Lane RLLP

        501 Commendencia Street
        Pensacola, Florida 32502
        Tel:   (850) 202-3340
        jrz@beggslane.com

     Joseph L. Bell is the President of Plaintiff's Board of Directors. He has knowledge of Plaintiff's use and promotion of the "CLAN BELL" and "CLAN BELL NORTH AMERICA" marks and names in connection with the services and goods provided by Defendant. He has knowledge of Plaintiff's services provided, advertisements, and other promotional activities, including the content displayed on Plaintiff's social media pages. He has knowledge of Plaintiff's registration and use of the domain name clanbell.org. He also has knowledge of Defendants' conduct.

    2.     David E. Bell
           c/o H. Jared Doster
           DOSTER LAW PLLC
           97 West Oak Avenue, Suite 300
           Panama City, Florida 32401
           (850) 319-4248
           jared@doster.law

           Knowledge of CBNA services and activities, CBS services and activities, CBS use of Plaintiff's Marks, use of various websites and Facebook pages, prior services and activities of Clan Bell International, Ltd.

    3.     Michael A. Bell
           c/o H. Jared Doster
           DOSTER LAW PLLC
           97 West Oak Avenue, Suite 300
           Panama City, Florida 32401
           (850) 319-4248
           jared@doster.law

           Knowledge of CBNA services and activities, CBS services and activities, CBS use of Plaintiff's Marks, use of various websites and Facebook pages.

    4.     Dr. Thomas Bell
           tbell72655@gmail.com

      Phone:  304-376-0294

      Knowledge regarding CBS activities and confusion regarding CBS.

5.    Stephanie Bell Clements-Adams
     clanbellsocal@gmail.com
     Phone:  951-205-4934

     Newsletter editor and social media editor for CBNA.

6.    Kathleen Wolfe (a.k.a., Katja Bell)
     Email:  katja.bbc@gmail.com
     Phone:  870-269-7145 (home), 501-483-0059 (work)

     Knowledge of CBNA services and activities.

7.    Richard A. Bell
     richard.a.bell@mail.com
     404-604-0181

     CBNA commissioner for Florida.  Knowledge of communications between the parties.

8.    Karissa Beals
     krisbeals@reagan.com
     541-673-1613

     CBNA board member and CBNA commissioner for Oregon. Knowledge of communications between the parties.  Knowledge of CBNA services and activities.

9.    Bryan Ginn
     bginn@snowsports.org
     703-678-1548

     Former webmaster for Clan Bell International, Ltd.

10.  All persons identified by Plaintiff in its Rule 26(a)(1) disclosures.

11.  Any person named by any party in its interrogatories and/or answers to

same.

12. Any person named in any document produced by either party.

13. All persons noticed for deposition during discovery.

14. All records custodians of all records that any party seeks to introduce as evidence at trial.

15. Rebuttal witnesses as needed.

II. **RULE 26(a)(1)(A)(ii) DISCLOSURE:**

A copy – or description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support it claims or defenses, unless the use would be solely for impeachment.

**Response**: Documents in Plaintiff's possession include documents reflecting Plaintiff's use and promotion of the CLAN BELL and CLAN BELL NORTH AMERICA Marks, Plaintiff's use in commerce of the Marks, Plaintiff's marketing and promotion of services and goods under the Marks, Defendants' use and infringement of the Marks, and actual confusion. These documents will include Plaintiff and Defendant CBS's websites, Plaintiff and Defendant CBS's Facebook pages and posts, Plaintiff's newsletters, other advertising and promotional materials, documents regarding the Facebook group page and Defendants' conversion thereof, and correspondence regarding the issues in this action.

Plaintiff also anticipates that it may use documents in Defendants' possession to support its claims and defenses, namely, Defendants' use in commerce of the

Plaintiff's Marks, Defendants' marketing and promotion of services and goods under the Marks, Defendants' infringement of the Marks, and Defendants' conversion of the Facebook group page. Plaintiff anticipates that these documents will include financial documents, promotional materials, the CBS website, and Facebook pages and posts, and correspondence.

### III.   RULE 26(a)(1)(A)(iii) DISCLOSURE:

A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**Response**: At this time, Plaintiff presents the categories of damages it anticipates it will seek below. Plaintiff requires additional information from Defendants to assess its potential damages and remedies claimed against Defendant. Plaintiff reserves the right to pursue all available damages and monetary remedies under the Lanham Act, the Anticybersquatting Consumer Protection Act (ACPA), or other applicable state and federal laws.

a)   Disgorgement of Profits: Plaintiff will seek disgorgement of Defendant CBS's profits derived from revenues due to Defendant CBS's provision of services and goods bearing or advertised under Plaintiff's Marks. Defendant CBS has possession of this information and can therefore determine these amounts at this time. Plaintiff will provide more specific information when it receives the necessary

financial information from Defendant.

b) <u>Actual Damages</u>: Plaintiff will seek actual damages, which are ongoing, and may include, without limitation: (i) costs of corrective advertising; (ii) reasonable royalties; (iii) lost profits; (iv) lost royalties; (v) loss of goodwill; and (vi) damage to reputation.

c) <u>Statutory Damages</u>: All statutory damages, including up to $100,000.00 per infringing domain name under the ACPA, 15 U.S.C. §§ 1117(d) and 1125(d).

Plaintiff requires additional information from Defendants to assess its potential damages and remedies claimed against Defendants. Plaintiff reserves the right to amend its damages allegations based on information received in discovery, future expert witness disclosures, and other information gleaned during this matter.

**IV.   RULE 26(a)(1)(A)(iv) DISCLOSURE:**

For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response:**   Not applicable.

Plaintiff reserves the right to amend these initial disclosures.

## CERTIFICATE OF SERVICE

    I hereby certify that on this 30th day of June, 2023, a true and correct copy of the foregoing has been furnished via electronic mail through the CM/ECF System for the Northern District of Florida, which will send notice of the electronic filing to all counsel of record, and also by e-mail to all counsel of record.

    */s/ John R. Zoesch III*
**JOHN R. ZOESCH III**
Fla. Bar No.: 45257
jrz@beggslane.com
**STEPHEN D. WILSON**
Florida Bar No. 1010484
sdw@beggslane.com
**BEGGS & LANE, RLLP**
501 Commendencia Street
Pensacola, Florida 32502
T: (850) 432-2451
F: (850) 469-3331
*Attorneys for Plaintiff Clan Bell-Clan Bell North America, Inc.*